UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----

JANELYS HERNANDEZ,

                                Plaintiff,

                        -v-

MORNING LAVENDER, LLC,

                                Defendant.

23 Civ. 3527 (PAE) (KHP)

OPINION & ORDER

----

PAUL A. ENGELMAYER, District Judge:

       On April 27, 2023, plaintiff Janelys Hernandez ("Hernandez") filed the Complaint in the above-captioned case, alleging that defendant's website was non-compliant with the American Disabilities Act, 42 U.S.C. §12181 *et seq.* Dkt. 1. On April 28, 2023, the Court referred the case to the Hon. Katharine H. Parker, United States Magistrate Judge, for general pretrial supervision. Dkt. 5. On May 10, 2023, Hernandez served defendant, making defendant's deadline to answer May 31, 2023. Dkt. 7. On June 1, 2023, Hernandez requested an extension of 30 days, on defendant's behalf, of defendant's deadline to answer. Dkt. 8. Hernandez represented that the parties anticipated reaching a resolution prior to that date. *Id.* Judge Parker granted the request the next day. Dkt. 9. Defendant did not answer or appear.

       On July 14, 2023, in light of defendant's failure to appear, Judge Parker adjourned the previously scheduled conference, and ordered Hernandez to submit a letter by July 19, 2023 with an update on the parties discussions. Dkt. 10. Hernandez did not do so.

       On August 1, 2023, Judge Parker ordered Hernandez to show cause why the above-captioned action should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b) by August 15, 2023. Dkt. 11. Hernandez did not respond.

On August 21, 2023, Judge Parker issued a Report and Recommendation. Dkt. 12 (the "Report"). The Report—noting that it had not heard from either party since June 1, 2023, *id.* at 2—recommends dismissing the action under Rule 41(b) in light of plaintiff's repeated refusals to respond to Court orders, *id.* at 3.

On September 5, 2023, the last day on which she could file objections, Hernandez objected to the report, and seeks relief under Rule 60(b) from a judgment or order. Dkt. 13 ("Obj."). In those objections, Hernandez's counsel represented that, on July 18, 2023, Hernandez had reached a settlement in principle with the defendant. Obj. at 2. Hernandez never notified the Court of such a settlement, and her counsel represents that—at some point after July 18, 2023—defendant "stopped responding." *Id.* Since that date, the objections add, Hernandez was hospitalized with and/or continues to suffer the effects of pneumonia[1] and, on July 26, 2023, counsel became the sole caregiver for an immediate family member in health crisis. *Id.* Defendant did not reply.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are timely made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v.*

---

[1] The objections state only that Hernandez was hospitalized "during the course of the case." Obj. at 2. The Court assumes, *arguendo*, that this hospitalization was during the period when Hernandez's counsel was non-communicative with Judge Parker.

2

*Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

If a party objecting to a Report and Recommendation makes only conclusory or general objections, or simply reiterates its original arguments, the Court will review the Report strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH) (GWG), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

The Court reviews the Report for clear error, and finds none. However, in light of the representations made in Hernandez's objections, the Court declines to exercise its inherent power, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962), to dismiss this case at this time.[2] Instead, in consideration of the objection's representation that the parties reached a settlement in principle, the Court will enter, by separate order, the 30-day order it would typically enter when parties agree to a settlement in principle. That order will dismiss and discontinue the case without costs, and without prejudice to the right to reopen the action within 30 days if the settlement is not consummated.

---

[2] Rule 60(b) is inapposite here, where plaintiff objects to a Report and Recommendation—which is not a final judgment or order. *See* Fed. R. Civ. P. 60(b).

3

The Court wishes Hernandez and counsel's family member a speedy and complete recovery. It urges counsel to be attentive to deadlines going forward.

## CONCLUSION

For the foregoing reasons, the Court declines to adopt Judge Parker's August 21, 2023 Report and Recommendation at this time. The Court will enter, by separate order, a 30-day order in this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: September 7, 2023
       New York, New York